IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                       )
V.                     )        ID Nos:: 1302002738A&B
                       )            & 1302003053
FREDERICK GRAY,        )
                       )
        Defendant.     )

Submitted: June 25, 2019
Decided: September 27, 2019

*Motion to Withdraw as Counsel.*
**GRANTED.**
*Motion for Postconviction Relief.*
**DENIED.**

## ORDER

1.      The Defendant was indicted for two separate offenses that occurred over two days in 2013.[1] The grand jury charged that the Defendant and Jared Wiggins robbed a convenience store on February 2, 2013 and then, on February 3, 2013 were attempting to rob a gas station/convenience store when Gray was confronted by a police officer and Gray shot the officer in the face.[2]

2.      The two incidents led to a joint indictment, which the Court severed for trial.[3] The attempted murder of the officer and related charges went to trial and the

---

[1] D.I. 76 at A19-23.
[2] *Id.*
[3] D.I. 76 at A29-33.

1

Defendant was convicted, then the robbery charges from the previous day went to trial and he was convicted again.[4] All of this led to a very long jail sentence for Mr. Gray.[5] Direct appeals of his convictions resulted in their affirmance by the Delaware Supreme Court.[6]

3.     Gray filed a *pro se* motion for relief under Rule 61.[7] Pursuant to his request, counsel was appointed to prosecute his Rule 61 case.[8] Several months later, counsel has returned to the Court and advised that, despite diligent review of the records of both convictions, counsel has not unearthed any arguably meritorious issues to present to the Court.[9]

4.     A copy of counsel's motion to withdraw from representation as well as his "no merit" brief was forwarded to Mr. Gray.[10] He was invited to alert the Court of any issues he felt needed to be raised that had not been placed before the Court.[11] Gray has responded with three subjects he feels his attorneys may have missed.[12]

---

[4] D.I. 77 at A731-39.
[5] D.I. 77 at A739.
[6] *Gray v. State*, 2014 WL 7895468, at * 4 (Del. December 29, 2014); *Gray v. State*, 2015 WL 5926151, at *6 (Del. October 9, 2015).
[7] D.I. 77 at A778-79.
[8] D.I. 77 at A782-83.
[9] D.I. 75 at 1.
[10] *Id.* at 22.
[11] *Id.*
[12] D.I. 19.

5.     First, Gray would like to know how the victim was able to identify him after being shot.[13] Gray believes there may have been "coercion" in doing so.[14] But assuming the identification he is referring to is that of the police officer (who was shot), there is no evidence, or even reason to suspect, that the officer was coerced into identifying the Defendant. If he is referring to the robbery the day before, the store clerk testified he knew Defendant from the neighborhood.[15]

6.     Second, Gray claims that his trial attorney was "forced" to represent him despite the attorney's request to withdraw from representation.[16] Gray says he "don't believe his performance during trial was 100%."[17] Assuming for the moment that the record supports Gray's claim that counsel asked to withdraw, a vague suspicion that counsel's performance was not quite up to snuff is not a cause and prejudice argument sufficient to overcome the presumption of competence by defense counsel.[18]

7.     Finally, Defendant claims that the jury was biased against him because of advance publicity about the case, which involved the shooting of an active duty Wilmington police officer.[19] Claims of juror bias should have been brought on direct

---

[13] D.I. 19.
[14] *Id.*
[15] D.I. 77 at A607.
[16] D.I. 19
[17] *Id.*
[18] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).
[19] D.I.19.

appeal and Rule 61 provides Defendant no avenue by which to assert such complaints.[20] Even so, screening jurors for bias or prejudice based upon any pretrial publicity is standard questioning of jury panels in this State.[21] There is no reason to even suspect that such questioning of the venire pool did not happen here. Gray has failed to overcome the "cause and prejudice" requirement to plead a case under Rule 61.[22]

8. After reviewing counsel's motion to withdraw and the record, including Defendant's original motion for relief, the Court is satisfied that counsel's motion should be **GRANTED** and Defendant's motion for relief under Rule 61 should be **DENIED.**

**IT IS SO ORDERED**.

Judge Charles E. Butler

---

[20] Super. Ct. Crim. R. 61(e)(4).
[21] *Filmore v. State*, 813 A.2d 1112, 1117 (Del. 2003).
[22] Super. Ct. Crim. R. 61(i)(3).